UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
JUL 28 2005

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| RUBEN VEGA, | * | CIV. 04-4174 |
| | * | CR 03-40081 |
| Movant, | * | |
| | * | MEMORANDUM OPINION |
| -vs- | * | AND ORDER |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Movant, Ruben Vega, filed a Motion to Vacate, Correct or Set Aside Sentence pursuant to 28 U.S.C. § 2255. The government answered the Motion and moved to dismiss it. Vega filed a reply to the government's answer. For the reasons set forth below, the Motion will be denied.

## BACKGROUND

Vega entered a plea of guilty to the offense of conspiracy to possess with intent to distribute and to distribute 500 grams or more of a mixture and substance containing methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846. In addition, the government filed a notice informing Vega of its intent to seek increased punishment, pursuant to 21 U.S.C. § 851(a), based upon Vega's prior conviction for a felony drug offense. Thus, the mandatory minimum sentence of imprisonment applicable in Vega's case was 20 years' imprisonment and the maximum penalty was life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A).

The base offense level under the Sentencing Guidelines was 34 based upon the drug quantity. A two-level enhancement for being an organizer, leader, manager or supervisor in any criminal activity, pursuant to USSG § 3B1.1(c), was applied. The drug quantity calculation and the role in the offense, however, were overridden by the career offender provisions in the Guidelines. In light of Vega's two prior felony drug offenses, USSG § 4B1.1 requires that Vega's offense level be 37,

rather than 36. The offense level was decreased by three levels for acceptance of responsibility. Thus, the total offense level was 34, with a criminal history category VI, resulting in a sentencing range of 262 to 327 months' imprisonment. The Court sentenced Vega to serve 262 months' imprisonment.

In his § 2255 Motion, Vega contends that he received ineffective assistance of counsel and that the Court lacked jurisdiction to impose a sentence higher than the 20-year mandatory minimum under 21 U.S.C. § 841(b)(1)(A). He claims he received ineffective assistance of counsel because counsel failed to object to the Court's lack of jurisdiction to impose a sentence and find guilt as to conduct neither admitted in a plea nor determined by a jury beyond a reasonable doubt. In his reply brief, Vega also claims that counsel was ineffective for failing to object to the two-level role in the offense enhancement.

## DISCUSSION

A prisoner in custody pursuant to a federal conviction and sentence may move the court that imposed the sentence to vacate, set aside or correct the sentence:

> [U]pon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255.

1.  *Apprendi* error

Vega's argument is that given the constitutional right to a jury trial, "for this Court to impose a greater sentence than 20 years Vega would have either had to have confessed, entered a plea admitting guilt or been found guilty by a jury." He is claiming that he was sentenced to 22 months more than the Court had jurisdiction to impose. This Motion was filed before the Supreme Court issued the decision in *United States v. Booker*, 125 S.Ct. 738 (2005). In his reply, Vega states that he is not relying upon the Supreme Court's decision in *Booker*. Rather, he claims that his Motion is based upon the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

The sentence of 262 months' imprisonment in this case falls below the statutory maximum applicable to the facts that were admitted by Vega. One of Vega's claims is that the only quantity of methamphetamine he admitted to conspiring to possess with intent to distribute or to distribute was 14 ounces of methamphetamine. This is inaccurate, however, because in the Amended Factual Basis Statement, signed by Vega on October 31, 2003, he admitted that the conspiracy "result[ed] in the distribution of over 500 grams of methamphetamine." (Doc. 56.) In *Blakely*, the Supreme Court made clear that the statutory maximum for *Apprendi* purposes is "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or *admitted by the defendant.*" *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 2537 (2004) (emphasis added). Pursuant to 21 U.S.C. § 841(b)(1)(A), the maximum punishment is life imprisonment for over 500 grams of a mixture and substance containing methamphetamine. Thus, Vega is not entitled to relief under *Apprendi*, because his sentence did not exceed the statutory maximum applicable to the criminal conduct he admitted in the Amended Factual Basis Statement.

**2.     Ineffective assistance of counsel**

A defendant who claims to have been deprived of the effective assistance of counsel must show: (1) that his lawyer's representation fell below an objective standard of reasonableness; and (2) that the lawyer's deficient performance prejudiced the defendant. *See Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

There being no violation of *Apprendi*, Vega's counsel's performance was not deficient for failing to object to the Court's sentence in excess of the mandatory minimum. In his reply brief, Vega contends that he received ineffective assistance because his counsel failed to object to the enhancement for role in the offense. Vega's Guideline range, however, was determined by application of the career offender provision in USSG § 4B1.1, rather than being governed by the calculation of drug quantity and role in the offense. Thus, counsel's failure to object to the role in the offense enhancement did not prejudice Vega.

In light of the above discussion, the Court finds that Vega is not entitled to an evidentiary hearing. *See United States v. Schmitz*, 887 F.2d 843, 844 (8th Cir. 1989) (holding that an evidentiary

3

hearing is not required "where the files and records of the case conclusively show that the petitioner is not entitled to relief, ... or where the allegations 'amount to no more than a bare contradiction of statements petitioner made when [he] pled guilty.'"); *Hill v. Lockhart*, 474 U.S. 52, 60 (1985) (affirming the district court's refusal to hold a hearing on § 2255 petitioner's ineffective assistance of counsel claim where he failed to allege the kind of prejudice necessary to satisfy the second half of the *Strickland v. Washington* test).

When the district court has denied a motion under 28 U.S.C. § 2255, the petitioner may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c). A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, a "substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Vega has not made a substantial showing of the denial of a constitutional right. Accordingly,

IT IS ORDERED:

1. That the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, Doc. 1, is denied.

2. That a Certificate of Appealability shall not issue on any of the issues raised in the § 2255 motion.

Dated this 27th day of July, 2005.

BY THE COURT:

*[signature]*

Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *Shelly Margulies*
(SEAL)     DEPUTY

4